[No. 11488.   Department One. — July 30, 1886.]

THOMAS P. WINTER, PETITIONER, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, RESPONDENT.

ACTION FOR SUPPORT AND MAINTENANCE — ORDER FOR COUNSEL FEES —
STAY OF TRIAL — DISCRETION. — In an action by a wife against her hus-
band for permanent support and maintenance, the court has discretion to
refuse to proceed with the trial at the request of the defendant until he
has complied with an order made *pendente lite* directing him to pay coun-
sel fees to the plaintiff, or until the order has been reversed or annulled
on appeal.

APPLICATION for a writ of mandate.   The facts are
stated in the opinion.

*George D. Collins,* and *Eugene N. Deuprey,* for Peti-
tioner.

*Tyler & Tyler,* for Respondent.

FOOTE, C. — The wife of Thomas P. Winter instituted
against him an action for permanent support and main-
tenance.   *Pendente lite,* the judge of the Superior Court
to whom the cause had been assigned for trial made an
order directing the payment to the wife of a sum of
money as counsel fees.   From that order the defendant
took an appeal to this court, and pending that, applied
to the court below to proceed with the cause on the day
upon which it had been set for trial, said day having
been specified before the order to pay counsel fees was
made.   This, it is alleged by him, the court refused to do,
and he applied for and obtained a writ of mandate from
this court for such judge to show cause why he had not
proceeded to the trial of the action of *Annie Winter* v.
*Thomas P. Winter.*

From the answer of the trial judge, it appears " that he
refused to compel the plaintiff to try said cause " until
the order for the payment of counsel fees had been com-

plied with, or until this court had reversed or annulled that order.

It does not appear to be disputed in any quarter that the plaintiff is the wife of Thomas P. Winter

Under such circumstances, we cannot say that the learned judge abused the discretion vested in him as to when causes before him should be set for trial.

We are of opinion that the petition should be dismissed and the writ denied.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the petition is dismissed and writ denied.