[Civ. No. 4138.  Third Appellate District.—October 25, 1930.]

THE FIRST NATIONAL BANK OF PETERSBURG, ILLINOIS (a National Banking Corporation), Respondent, v. CLEMENT W. SHIPLEY et al., Appellants.

Muhleman, Anderson & Palmer and Frank L. Muhleman for Appellants.

Hughes & Miller for Respondent.

MR. JUSTICE Pro Tem. LUTTRELL Delivered the Opinion of the Court.—Plaintiff and respondent, as the name implies, is a national banking corporation engaged in the banking business in the state of Illinois. Defendants and appellants Clement W. Shipley and Evelyn Shipley are husband and wife. Plaintiff, as a judgment creditor of defendant Clement W. Shipley, instituted the present action against defendants to have a certain assignment which said Clement W. Shipley had made to his wife of his interest in the estate of Faithful W. Ebey, deceased, annulled upon the ground that same was made without consideration and with intent to hinder, delay and defraud creditors, and particularly the plaintiff. By its complaint plaintiff also sought to have the administratrix of said estate enjoined from pay-

ing out or distributing any portion of said estate to said Evelyn Shipley. There was also a prayer for general relief. All of the defendants answered plaintiff's complaint, denying any fraudulent intent in making said assignment and affirmatively alleging that same was made for a valuable consideration. A trial was had upon the issues thus joined, resulting in a judgment in plaintiff's favor setting aside and annulling such assignment and enjoining said administratrix from paying or distributing any portion of said Ebey estate to said Evelyn Shipley. The trial court found that said administratrix had already paid to said Evelyn Shipley out of the funds of said estate, under such assignment, the sum of $12,000, and that said sum belonged to said Clement W. Shipley, and decreed that plaintiff have judgment against said Evelyn Shipley for said amount and that said sum be applied to the satisfaction of the judgment which plaintiff had theretofore recovered against the defendant Clement W. Shipley.

Defendants Shipley appeal from the judgment upon the grounds of insufficiency of the evidence to support the findings and the judgment and also that the court erred in awarding judgment against defendant Evelyn Shipley in any amount.

The trial court found that the assignment in question was made without any consideration and with intent to hinder, delay and defraud plaintiff as a creditor of said defendant Clement W. Shipley and, as above stated, that Evelyn Shipley had already received $12,000 under such assignment. Findings having thus been made upon the issues presented, it is incumbent upon this court, upon principles of law too well settled to need citation of authority, to accept such findings if they find any substantial support in the evidence.

To determine this fact it will be necessary to briefly review the evidence adduced at the trial. It appears that defendant Clement W. Shipley was indebted to plaintiff to the extent of something like $12,300 as far back as January 25, 1924, and plaintiff desiring some security on the debt, defendants Shipley, on March 5, 1924, executed a certain trust deed to one Edwin S. Waldmire of Petersburg, Illinois, covering 976 acres of land situated in the state of Missouri, the record title to which stood in the name of Evelyn Shipley, which land said Clement W. Shipley testified was worth $25 per acre.

Waldmire agreed to sell the land and apply the proceeds to the payment of Shipley's debt to plaintiff, paying the surplus, if any, after deducting commission and expenses, to Evelyn Shipley, her heirs or assigns. It was also agreed that in the event Clement W. Shipley paid his debt to plaintiff before such land was sold, the trustee should reconvey the land to said Evelyn Shipley, her heirs or assigns. The evidence shows that this land was acquired by the Shipleys in the year 1923, the husband, Clement W. Shipley, having traded some property which he owned in Mississippi for same, taking the title to the Missouri land in his wife's name. On July 1, 1925, Shipley gave his two promissory notes to plaintiff in renewal of notes covering the debt he owed, the two renewal notes aggregating $12,300, payable six months after date with six per cent interest. On November 4, 1925, plaintiff secured a confessed judgment against Shipley on the two notes in the Circuit Court of Menard County, Illinois, in the sum of $14,018.75 and costs, and on the 21st of the same month filed suit on this judgment against Shipley in the Superior Court of Los Angeles County, California. Six days after the filing of this last mentioned suit, or on November 27, 1925, the assignment which is the subject of controversy in this action was made by Shipley to his wife. The assignment was accepted by the wife on that same day and by the administratrix of the Ebey estate three days later, but for some unexplained reason was not filed as a record in the estate papers until some thirteen months after its execution, or on December 17, 1926. Plaintiff's action on the Illinois judgment was contested in the Los Angeles court by defendant Shipley, he having filed his answer therein on December 17, 1925, but the plaintiff prevailed in the suit and on September 27, 1927, recovered a judgment for the sum of $15,879.55 and costs. The value of Clement W. Shipley's interest in the Ebey estate at the time he made the assignment thereof to his wife was about $20,000. At that time he owed, in addition to the judgment which plaintiff had secured against him, about $700 to various other creditors. The assignment of his interest in the Ebey estate left him wholly insolvent, as he had no other funds or property.

In justification of the assignment in question the appellants contend that at the date thereof Evelyn Shipley was a cred-

itor of her husband, and that in making the assignment he simply exercised a right which the law gave him of making a preference among his creditors. The basis of their claim that she was her husband's creditor is twofold, first, that some forty years before she had let him have some money, the amount not being mentioned in the testimony, and that he had promised to pay it back with interest, and, secondly, that in executing the trust deed covering the Missouri property to Waldmire, as security for the husband's debt to plaintiff, she became his creditor. In connection with the making of this trust deed, appellants contend that the property thus conveyed in trust became the wife's separate property, when the title was taken in her name, and that to induce her to sign the trust deed he promised to convey to her his interest in the Ebey estate. It is an admitted fact that at the time of this alleged promise Faithful W. Ebey was still living.

The two appellants were the only witnesses who gave oral testimony at the trial, aside from brief testimony given by the attorney for the Ebey estate as to its value and the portion thereof already distributed. Because of such fact that the appellants gave practically all of the evidence in the case, other than the documentary evidence, they insist that the trial court was bound to take their uncontradicted testimony on the questions of fraudulent intent and lack of consideration for the transfer, as true, and that therefore the findings to the effect that their claims in these respects were false are contrary to and unsupported by the evidence. They further contend that when plaintiff called Clement W. Shipley as a witness, it thereby vouched for his credibility and was bound by his testimony. In support of this latter contention they cite the case of *Hopkins* v. *White,* 20 Cal. App. 234 [128 Pac. 780].

█ We have carefully considered these contentions of appellants and fail to find therein any reason for overturning the judgment of the court below. There is no question but what, had the wife been a *bona fide* creditor of her husband, he would have been within his legal rights in preferring her as a creditor and that an honest transfer of property for such purpose would stand. However, in the case before us, as heretofore stated, the trial judge, after hearing all of the evidence adduced, and after observing the

witnesses upon the stand, noticing their demeanor while testifying, their manifestations of interest, or lack of interest in the result of the trial, and having before him all of the surrounding circumstances, decided that these appellants were untruthful in giving their testimony. He doubtless considered, as he had a right to do, the confidential relationship of the parties to the transfer; the age of the debt claimed to be owing by the husband to the wife; the fact, as the evidence showed, that no book accounts or other writings had ever existed between the appellants with reference to such forty year old debt; the insolvency of the assignor as a result of the assignment; the short interval of time elapsing between the recovery of the Illinois judgment against appellant Clement W. Shipley and the filing of suit thereon in California and the assignment; the great length of time between the contracting of the claimed debt of the husband to the wife and its attempted payment; the claim that this so-called debt was being paid by this transfer of $20,000 worth of property, in the face of the claim of appellants that about two years before the husband had given the wife property in Missouri worth $24,400 by taking the title thereto in her name; the claim that such Missouri property was her property, although acquired with property of the husband; the delay in making any public record of the assignment for more than a year after its execution; and other suspicious circumstances surrounding the transaction. In the face of such a record, the trial judge could well conclude that the transfer in question was fraudulent and without consideration, and that, as from the findings made he evidently did conclude, there was no debt owing by the husband to the wife, and that the property in Missouri, though standing in the wife's name, was in fact his property.

In cases of this kind the court is called upon to carefully scrutinize the whole transaction with a view of detecting any fraud which may have prompted it. Questions of fraudulent intent and of adequacy of consideration are questions of fact, calling for the exercise of judicial discretion, and upon appeal, every reasonable presumption must be indulged in favor of the action of the trial court. (*Commercial National etc. Bank* v. *Roberts,* 49 Cal. App. 764 [194 Pac. 751].)

■ The trial court was not obligated to believe the testimony of the appellants, even though uncontradicted by other evidence. As was said in the case of *Caldwell* v. *Weiner*, 203 Cal. 543 [264 Pac. 1100, 1101]:

"While it is a general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions, and the most positive testimony may be contradicted by the circumstances in evidence in connection with the matter which satisfy the court of its falsity and the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact."

To the same effect are the cases of *Michener* v. *Hutton*, 203 Cal. 604 [59 A. L. R. 480, 265 Pac. 238]; *Quock Ting* v. *United States*, 140 U. S. 417 [35 L. Ed. 501, 11 Sup. Ct. Rep. 733].

■ Plaintiff did not vouch for the credibility of the defendant Shipley by calling him as a witness, as the record shows that he was called under the provisions of section 2055 of the Code of Civil Procedure. The case of *Hopkins* v. *White, supra,* relied upon by appellants in this regard, is not in point, as same was decided before the enactment of the salutary provisions found in section 2055 of the code.

■ Appellants, under their claim that the relationship of debtor and creditor exists between them, as hereinbefore mentioned, further contend that it was incumbent upon respondent to resort to the security given it by the execution of the trust deed herein mentioned before looking to the interest of Clement W. Shipley in the Ebey estate for satisfaction of its judgment. In this connection they rely upon sections 2899 and 3433 of the Civil Code of this state. There is in our opinion, nothing to this point. The first of the sections of the code mentioned deals exclusively with liens on property of a debtor, and in no sense of the word can we see that Evelyn Shipley had a lien upon any of her husband's property. The second section mentioned deals with the relative rights of different creditors. The court having found that the purported assignment was null and void, certainly Evelyn Shipley acquired no interest under it in or to any portion of the Ebey estate, and, too, under the claims

as made by the appellants, and particularly in view of the findings as made by the trial court, we do not believe that she placed herself in any position to lay any claim to her husband's interest in such estate on any account, or to complain of respondent's efforts to satisfy its judgment therefrom. From the findings made it would seem that the trial judge took little stock in the claim of appellants that forty years ago the wife had let the husband have some money which was to be paid back sometime, or in the claim that the Missouri property belonged to the wife and that to induce her to sign the trust deed to Waldmire the husband promised to assign his interest in the Ebey estate to her, or in the claim that the wife was her husband's creditor on any account. We think the facts and circumstances of the case would fully justify this inference.

In 27 C. J. 564 it is stated: "Where funds of the wife are received and used by the husband with her knowledge and consent, and no evidence of indebtedness is taken by her, or no claim that he is her debtor is made by her during the lapse of many years, a conveyance in consideration of such funds will not be sustained, especially where it is made after the husband has become insolvent or greatly financially embarrassed."

As to the ownership of the Missouri property and the alleged promise of the husband to assign his interest in the Ebey estate to his wife, provided she would execute the trust deed, the evidence is undisputed that, as hereinbefore stated, this Missouri property was acquired by the husband trading his own Mississippi property for same. His title was merely taken in his wife's name.

One other point requires consideration. The evidence shows that a decree of partial distribution was made in the Ebey estate and that by this decree $12,000 was ordered distributed to Evelyn Shipley, as assignee of her husband. Owing to lack of funds in the hands of the administratrix at the time, however, such administratrix only paid to said Evelyn Shipley the sum of $11,000. As heretofore shown, the trial court found that $12,000 had actually been paid to her and awarded judgment against her for said latter sum. This was an apparent oversight on the court's part, as the evidence is clear and explicit upon the matter. We think that the facts warranted a judgment against her in the sum of $11,000 and that the judgment as rendered

should be modified to conform to the proof. ▮ The contention of appellants that the court erred in awarding any judgment at all against Mrs. Shipley is untenable. The assignment in controversy being void, the title and ownership of the $11,000 paid over to her remained in the fraudulent grantor as fully as though no assignment had been attempted. (*First National Bank* v. *Maxwell*, 123 Cal. 360 [69 Am. St. Rep. 64, 55 Pac. 980]; *Ohio Electric Car Co.* v. *Duffet*, 48 Cal. App. 674 [192 Pac. 298].) In this last-mentioned case it was held that a creditor has the right to follow the trust property, regardless of the form in which it is found. It was also held in such case that under the prayer for general relief, and under the well-known equitable rule, a court of equity will do full justice in the premises and render such relief as will fully settle the controversy between the parties wherever possible. In the case of *Jenner* v. *Murphy*, 6 Cal. App. 434 [92 Pac. 405, 407], a decree of distribution had been made after the fraudulent deed was executed and the court held that the decree only fed the deed and did not affect the right of a judgment creditor to show who was the real owner of the property. Speaking of such decree of distribution, the court said:

"It cannot bind a court of equity, nor prevent it from investigating the facts, and brushing aside all illegal and fraudulent transfers for the purpose of seizing the assets of the debtor, and applying them to the satisfaction of the judgment creditors' claim. In such a case a court of equity will not be turned aside by shadows, but will grasp the substance—the assets of the fraudulent debtor—no matter where they may be found, and apply them to the payment of the honest creditor." (See, also, *Martinovich* v. *Mariscano*, 137 Cal. 355 [70 Pac. 459].)

Applying these principles to the instant case, appellant Evelyn Shipley, having legally acquired nothing under the void assignment, but having actually received $11,000 in cash as a result thereof, is not injured in any sense by reason of a judgment against her for the amount received.

The judgment of the trial court is therefore modified, in so far as same affects appellant Evelyn Shipley, by reducing the amount thereof in the sum of $1,000, and as thus modified, such judgment is, as to both appellants, affirmed.