[Civ. No. 11826.   Second Appellate District, Division Two.—July 29, 1938.]

C. H. FINTEL, Appellant, v. WINIFRED ENGELBRECHT, Respondent.

Bruce Murchison and Mort L. Clopton for Appellant.

Parker & Stanbury, Harry D. Parker and Vernon W. Hunt for Respondent.

CRAIL, P. J.—This is an appeal from a judgment for damages in another automobile collision case.　The first contention of the plaintiff (appellant) is that the deliberate misconduct of defendant's counsel prevented plaintiff from having a fair trial in the following respects: Cross-examination: "Q. (By Mr. Parker) Now, did you [Murchison] as their attorney—you knew did you not that they paid Mrs. Engelbrecht [defendant] in this case $275 damages? Mr. Clopton: I object to that as entirely improper, incompetent, irrelevant and immaterial and I am going to ask the court to cite the asking of that question as misconduct in the record— Mr. Parker: Well, if the court please, I submit he is representing himself as attorney for this company and that his company settled with Mrs. Engelbrecht and that was part of the settlement, that the insurance company claim was through; I believe it is material and relevant to the issues in this case.　(Argument.)　The Court: Objection sustained; motion to cite misconduct denied.　The jury instructed to disregard all statements recently made by counsel in respect to assignments of claims."

The trial court must have concluded that the question was asked in good faith, it being the contention of counsel for defendant that he should be permitted to show that Mr. Murchison's client, the Hardware Mutual Casualty Company, had made a settlement of all its own claims when it settled with Mrs. Engelbrecht, and therefore had no right to assign its claim to appellant for the purpose of this lawsuit. Whether or not this was a proper contention, he thought it was.　The jury was instructed to disregard the matter, and later the jury was given a written instruction to disregard

the matter. Later the trial court denied a motion for a new trial based upon said ground. Owing to all of said circumstances we are of the view that the jury could not have been influenced or prejudiced by such interrogation, and that it would not be proper to reverse the judgment on this ground.

It is the next contention of the plaintiff that the trial court's rulings upon objections to evidence prejudiced appellant's rights as follows: "The Court: Overruled; you may answer. Q. By Mr. Parker: In Wisconsin, do they require any examination for you to obtain a license? A. Yes, they have a driver's license and that is all. Q. Beg pardon? A. We get a driver's license. Q. But in order to obtain that license, are you required to take any kind of an examination? A. No, sir, we do not." It will be observed that there was no objection made to the questions which were answered, and the plaintiff cannot be heard for the first time to raise the objection in this court. (2 Cal. Jur. 805; *Durkee* v. *Chino Land & W. Co.*, 151 Cal. 561 [91 Pac. 389]; Code Civ. Proc., sec. 646.)

Finally, the plaintiff contends that the trial court's order denying a new trial constituted an abuse of discretion and prejudicial error. On the motion for new trial the same question with regard to the insurance company was raised and argued. The motion for new trial was overruled by the court, and we see no abuse of discretion.

Judgment affirmed.

Wood, J., and McComb, J., concurred.