[Civ. No. 12177.   Second Appellate District, Division Two.—June 14, 1939.]

In the Matter of the Estate of LAURA SHELLABARGER HUNT, Deceased.   ISAAC S. HALL et al., Appellants, v. RICHARD HUNT SAMPSON et al., Respondents.

James W. Bell and P. E. Keeler for Appellants.

Latham, Watkins & Bouchard and Eugene J. Wix for Respondents.

McCOMB, J.—From a judgment in favor of respondents after trial before a jury in an action to revoke the admission of a will to probate on the ground of undue influence, contestants appeal.

The essential facts are:

February 17, 1935, decedent Laura S. Hunt executed her last will and testament. Thereafter she died and on December 22, 1936, her will was admitted to probate. June 21, 1937, contestants filed a petition to have the probate of the will revoked. October 1, 1937, an order was made by which the present counsel for contestants were substituted as counsel of record in place and stead of the attorneys who had previously represented contestants.

October 22, 1937, a motion was made by respondents to dismiss the petition contesting the admission of the will to

probate or to set the matter for trial forthwith. In ruling upon the motion the superior court set the matter for trial on November 29, 1937, on which date the trial commenced, the contest being based solely on the ground that decedent's will was procured by the undue influence of respondents.

Contestants rely for reversal of the judgment on these propositions:

*First: The case was not properly at issue when the trial court set it for trial, because only one of the respondents had filed an appearance when the setting was made.*

*Second: The trial court did not afford contestants sufficient time to prepare for trial.*

*Third: The trial court committed prejudicial error in sustaining objections to certain evidence offered by contestants.*

*Fourth: The trial court committed prejudicial error in (a) giving instructions to the jury, and (b) refusing to give certain instructions requested by contestants.*

*Fifth: The trial court committed prejudicial error in refusing to grant contestants' motion for a new trial on the ground of newly discovered evidence.*

■ Contestants' first proposition is without merit. Prior to the date of trial all respondents had filed an answer to the contest with the exception of Emil A. Bruder and Warren A. Pike, neither of whom were beneficiaries under the will or heirs of decedent. They were mere strangers to the proceedings and as such not necessary parties. (*San Diego Trust etc. Bank* v. *Heustis,* 121 Cal. App. 675, 681 [10 Pac. (2d) 158].)

■ The second proposition is likewise without merit. The law is established in California that in the absence, as in the instant case, of a motion for a continuance at the time a case is called for trial, a party will not be permitted on appeal to urge that he did not have sufficient time to prepare for trial. (*Denvir* v. *Judson Frt. Forwarding Co.,* 86 Cal. App. 369, 372 [260 Pac. 846].) In the present case on November 29, 1937, when the case was called for trial, contestants' counsel announced, "We are ready for the plaintiffs, if the court please."

■ We will not consider the problems presented relative to contestants' third proposition, for the reason that it is the established law of California that, where a question to which an objection is sustained does not itself indicate that

the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed by an appellate court, an offer of what is proposed to be proven must first be made to the trial court, so that the reviewing court can determine whether the proposed evidence would have been material and beneficial to the party offering it. (*Guyer* v. *Pacific Elec. Ry. Co.*, 24 Cal. App. (2d) 499, 503 [75 Pac. (2d) 550].) In the present case the questions to which objections were sustained did not indicate that the answers would be either material or beneficial to contestants nor was any offer of proof made.

There is no merit in the contention made in paragraph (a) of contestants' fourth proposition. Contestants urge that the trial court erred in singling out certain portions of the evidence and stating to the jury that such individual points did not constitute undue influence and that the trial court by repetition of instructions unduly emphasized certain contentions of respondents. A reading of the instructions given by the court shows that the claimed error is without merit and that the jury was fully, fairly, and completely instructed relative to the issues to be determined by it.

The error urged by contestants in paragraph (b) of their fourth proposition will not be considered by us, for the rule is established in California that error predicated on the refusal of the trial court to give requested instructions will not be reviewed on appeal in the absence of argument by counsel indicating wherein the refusal to give the instructions was erroneous and prejudicial to the complaining party. (*Truman* v. *Sutter-Butte Canal Co.*, 76 Cal. App. 293, 309 [244 Pac. 923].) In the instant case counsel for contestants have failed to furnish us any argument or authorities supporting the proposition that it was error for the trial court to refuse to give some of the instructions requested by contestants.

The final proposition is devoid of merit. Contestants claim that on a new trial Warren A. Pike would give testimony favorable to their contentions, which evidence could not with reasonable diligence have been produced on the former trial. The law is established in California that, before a motion for a new trial will be granted on the ground of newly discovered evidence, the moving party must show to the satisfaction of the court that he had exercised reasonable diligence in an endeavor to discover and produce such

evidence prior to the original trial. In the present case contestants have failed to meet the requirements of this rule. Warren A. Pike, the witness who contestants claim will give evidence favorable to them upon another trial, was present and testified in the present trial, and there is an utter absence of showing that the testimony which it is claimed he will give would not have been given by him had he been properly interrogated by contestants' counsel when he was a witness at the trial, nor is there any showing that contestants' counsel could not have interviewed Mr. Pike prior to the time he became a witness at the trial, and thus acquainted themselves with the testimony they say he would now give upon another trial.

For the foregoing reasons the judgment appealed from is affirmed.

Wood, Acting P. J., concurred.