[Civ. No. 12694.   Second Appellate District, Division Two.—November 18, 1940.]

ETHEL P. VAN DER VEER, Respondent, v. O. J. WINE-GARD et al., Appellants.

Merriam, Rinehart & Merriam for Appellants.

Russell H. Pray and Preston W. Johnson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to set aside an alleged fraudulent transfer of real property, defendants appeal.

Viewing the evidence most favorable to respondent, the essential facts are:

June 24, 1937, defendants O. J. and Dollie Winegard conveyed to their daughter and codefendant Ruth W. Heaney the westerly 75 feet of lot 4, tract No. 3747 in the County of Los Angeles, as per map recorded in book 40, page 95 of maps in the office of the County Recorder of said county. At the time of the conveyance plaintiff was an existing creditor of the defendant grantors. August 18, 1930, the easterly 70 feet of lot 4 was also conveyed by defendant O. J. and Dollie Winegard to their codefendant Ruth W. Heaney.

Defendants rely for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the implied finding of fact that the conveyance in question was made without consideration.*

*Second: The good faith of the parties to the conveyance should be tested as of the date the contract to convey was made rather than as of the date of the conveyance.*

520

*Third: The trial court committed prejudicial error in receiving evidence relative to the transaction appertaining to the easterly 70 feet of lot 4, tract 3747.*

*Fourth: The trial court committed prejudicial error in denying defendants' motion for a new trial.*

■ Defendants' first proposition is untenable. The trial court found that it was untrue that prior to January 1, 1935, or at any other time defendants Winegard had contracted to sell the westerly 75 feet of lot 4, tract 3747 to their codefendant; also that it was untrue that subsequent to January 1, 1935, or at any other time the aforementioned real property was conveyed to defendant Heaney for a good and valuable consideration paid by said defendant Heaney to her codefendants.

■ It is true that defendants gave testimony to the contrary and stated that in October of 1933 defendant Winegard had entered into an agreement with their codefendant to convey the lot in question to her for $1,000 to be paid in installments of $20 per month. The trial court was not obligated to believe the testimony of defendants, even though uncontradicted by other evidence, where the circumstances in evidence satisfied the trial judge of the falsity of their testimony. (*First Nat. Bank* v. *Shipley,* 109 Cal. App. 194, 200 [292 Pac. 996] ; sec. 2061, subds. 2 and 3, Code Civ. Proc.)

There was evidence from which the trial judge may have very properly arrived at the conclusion that the defendants' testimony on the point in question was false. For example, defendant Heaney testified that entries in her memorandum book indicating monthly payments of $20 to her codefendants for eight months immediately preceding October 3, 1933, were made by her within a day or two of the date of each alleged payment. She further testified and it was stipulated by defendants' counsel that said defendant did not have the memorandum book in her possession until October, 1933.

Another circumstance throwing doubt upon the testimony of said defendant was the fact that in her memorandum book at the top of the list of purported payments on account of the lot in question were the words in heavy pencil "to apply on note" with the word "note" stricken out and the words "for ground" added in light pencil.

There were other inconsistencies in the testimony of the defendants, but it would serve no useful purpose to set them forth *in extenso.*

■ In view of our conclusion as to defendants' first proposition, defendants' second proposition is immaterial, since the trial court found that there was no agreement prior to January 1, 1935, or at any other time between the defendants Winegard and defendant Heaney relative to the sale of the property involved in the present action.

■ Defendants' third proposition is without merit. The trial judge sustained objections by plaintiff's counsel relative to the consideration paid by defendant Heaney for the easterly 70 feet of lot 4. Thereafter plaintiff's counsel made inquiry relative to the consideration for said portion of lot 4, and on redirect examination the following colloquy between the court and counsel occurred:

"Mr. Johnson: Your Honor, would we be allowed to go into the consideration (for easterly 70 feet of Lot 4) ourselves on redirect?

"The Court: Yes; I will reopen it for you.

"Mr. Rinehart: Yes: We are opening up the entire transaction to avoid ambiguity. Counsel has now seen the four checks."

■ The rule is settled that a party cannot successfully complain of error which he has himself invited. (3 Am. Jur., Appeal and Error, 427, sec. 876; *Fintel* v. *Engelbrecht*, 28 Cal. App. (2d) 23, 25 [81 Pac. (2d) 1044].) Since defendants' counsel expressly consented to "opening up the entire transaction", their present objection falls within the purview of the rule just stated.

■ Defendants' final proposition is likewise without merit. Defendants' motion for a new trial was predicated upon affidavits setting forth alleged newly discovered evidence, which was merely cumulative of evidence received during the trial, and that, in view of the fact that evidence relative to the consideration for the easterly 70 feet of lot 4 had been admitted at the trial, they were not prepared to present all of the evidence which might be available upon the issues thus raised.

■ The law is established in California that a new trial will not be granted on the ground of newly discovered evidence where such evidence is merely cumulative of evidence received during the trial, nor will a new trial be granted unless it is made to appear that a different judgment would result from the new evidence, if presented. (*Monnette* v. *Title Ins. etc. Co.*, 107 Cal. App. 313, 324 [290 Pac. 668].)

In the instant case there is a total absence of showing that a different judgment would result from the alleged newly discovered evidence. On the contrary, in our view, even though the newly discovered evidence were received, the judgment would properly be the same as that heretofore entered by the trial court.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.