[Civ. No. 14727.   Second Dist., Div. Two.   Feb. 13, 1945.]

THOMAS AHLBORN POTASZ, a Minor, etc., Appellant, v. THOMAS M. POTASZ, Respondent.

McLaughlin & McGinley for Appellant.

Joe Wapner and Isador Gralla for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in a proceeding to have defendant declared the father of plaintiff, Thomas Ahlborn Potasz, plaintiff appeals.

The evidence being viewed in the light most favorable to defendant (respondent), and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the material facts are these:

On September 8th and 9th, 1941, defendant had sexual relations with Mable Ahlborn, mother of the plaintiff. On both occasions defendant used contraceptives. At the time defendant was impotent. Plaintiff was born on April 17, 1942.

There are three questions necessary for us to determine which will be stated and answered hereunder seriatim:

First: *Was there substantial evidence to sustain the trial court's findings:*

*(a) "That it is not true Plaintiff, Thomas Ahlborn Potasz, a minor, is the illegitimate son or legitimate son of defendant,*

*Thomas M. Potasz, and it is further untrue that defendant is the father of said Plaintiff, Thomas Ahlborn Potasz."*

*(b) "The Court further finds that it is untrue that Thomas Ahlborn Potasz was conceived as the result of one or a series of acts of sexual intercourse indulged in by defendant, Thomas M. Potasz and Mable Ahlborn, at a time when neither defendant or said Mable Ahlborn were married, or at any other time, or at all."*

This question must be answered in the affirmative and is governed by this rule: In a proceeding to establish parentage it is the duty of the trier of fact to determine the fact of parentage from all the evidence, and a finding on such fact supported by substantial evidence will not be disturbed on appeal. (*Arais* v. *Kalensnikoff,* 10 Cal.2d 428, 434 [74 P.2d 1043, 115 A.L.R. 163].)

In the present case defendant testified that he attempted sexual relations with Miss Ahlborn on two occasions only, to wit, the night of September 8th and the morning of September 9th, 1941; that on such occasions he used rubber contraceptives and that he was unable to complete the act of penetration on either occasion because he lost his erection. He also testified that he was impotent due to an injury he had received when he was a child.

A pathologist, Dr. George B. Setzler, made an examination of defendant's semen and testified that in his opinion it was extremely doubtful if defendant in 1941 could have impregnated a female.

The foregoing testimony constituted substantial evidence to sustain the findings of the trial court set forth above. It would not serve any useful purpose to set forth the testimony of Miss Ahlborn which contradicts defendant's testimony. As such conflicting and contradictory testimony was not believed by the trial judge, it must be disregarded by this court.

██ Second: *Did the trial court commit prejudicial error in denying plaintiff's motion for a new trial?*

This question must be answered in the negative. On plaintiff's motion for a new trial there were presented a number of affidavits containing evidence which was either cumulative of evidence received at the trial or which could have been produced at the time of the trial.

The trial court's ruling was correct in view of the established rule that a new trial will not be granted on the ground

of newly discovered evidence where (1) the evidence is merely cumulative of the evidence received during the trial (*Van Der Veer* v. *Winegard,* 41 Cal.App.2d 518, 521 [107 P.2d 97]) or (2) the moving party fails to show that he could not have produced his alleged newly discovered evidence at the time of the trial. (*Joseph* v. *Vogt,* 35 Cal.App.2d 439, 442 [95 P.2d 947]; *Estate of Hunt,* 33 Cal.App.2d 358, 361 [91 P.2d 609].)

Third: *Was the judgment prejudicially erroneous in reciting that plaintiff was present in court "in person" at the time of the trial when in fact plaintiff did not appear in court at the time of the trial but was represented by his guardian ad litem?*

This question must be answered in the negative. Recitals which precede a judgment, even though erroneous, do not affect the validity of the judgment itself. (*Green* v. *Swift,* 50 Cal. 454, 455; *Jacobs* v. *Norwich Union etc. Soc.,* 4 Cal. App.2d 1, 4 [40 P.2d 899].)

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1945.