[L. A. Nos. 20320, 20402. In Bank. Oct. 19, 1948.]

DARINKA KROG, Respondent, v. ROY KROG, Appellant.

Gordon W. Levoy for Appellant.

Hahn, Ross & Goldstone and E. L. Saunders for Respondent.

SCHAUER, J.—This is a motion by plaintiff-respondent to stay proceedings on two consolidated appeals. The motion is made upon the ground that defendant-appellant has not complied with orders of the superior court that he pay to

plaintiff certain sums of money as child support, medical expenses, attorneys' fees and costs in the trial court, plus further sums as attorneys' fees and costs on appeal, and that defendant deposit with the court trustee $7,500 as security for sums ''now due and to become due.''

On January 24, 1945, plaintiff filed her complaint for divorce against defendant. She alleged, among other things, that the parties have no children. On February 28, 1945, an interlocutory decree of divorce in her favor was entered. The decree includes approval of a property settlement agreement between the parties.

On February 18, 1946, plaintiff filed her ''Notice of Motion to Vacate or Modify Interlocutory Decree of Divorce to Permit the Plaintiff to Receive Medical, Doctor and Hospital Expenses, Support and Maintenance of Minor Child and Attorney Fees and Costs.'' The notice of motion was accompanied by plaintiff's affidavit in which she stated that as the result of sexual relationships between the parties subsequent to the granting of the interlocutory decree plaintiff had become pregnant and was expecting the birth in August, 1946, of the child of the parties; that plaintiff was without sufficient funds to pay medical and hospital expenses incidental to the birth of the child or to support the child after birth or to pay attorneys' fees and costs in connection with her motion; and that defendant was able to pay for all such matters. Plaintiff's child was born on August 23, 1946.

In November, 1946, defendant filed his motion for a final decree and an affidavit in which he admitted sexual relations with plaintiff subsequent to the granting of the interlocutory decree but averred that he was sterile and impotent and could not be the father of a child, and also that no reconciliation had taken place between the parties. A seven-day court hearing, commencing November 26, 1946, was held before Judge Elmer D. Doyle, sitting pro tempore, on plaintiff's motion to vacate or modify the interlocutory decree and on defendant's motion for a final decree. Evidence was presented by both parties. The court then ruled, on December 12, 1946, that there had been no reconciliation of the parties but that defendant is the father of plaintiff's child, and ordered him to pay $1,750 attorneys' fees, $75 costs, $300 medical expenses, and $100 monthly, commencing December 15, 1946, for support of the child.

A ''Final Judgment of Divorce'' was rendered by a judge other than Judge Doyle, and entered, on December 16, 1946.

Such judgment makes no mention of the ruling of Judge Doyle on December 12. On January 7, 1947, there were filed Judge Doyle's written findings of fact, conclusions of law and "Judgment or Court Order" to the effect, among other things, that defendant is the father of plaintiff's child and is able to support it and to pay medical expenses, attorneys' fees and court costs; that defendant "has sold, or attempted to hide all of his property prior to the trial of this action"; that defendant's motion for the final decree is granted; that plaintiff have custody of the child; and that defendant pay the sums specified hereinabove as child support, medical expenses, attorneys' fees and costs. Defendant has appealed from such judgment of January 7, 1947, except the portions thereof which grant defendant's motion for the final decree and award custody of the child to plaintiff.

On March 12, 1947, plaintiff filed in the superior court her notice of motion to require defendant to pay her reasonable attorneys' fees and court costs in defending against his appeal from the judgment of January 7, and to deposit with the court trustee sufficient sums to cover any amounts awarded plus additional sums to cover child support "past due" and child support pending the appeal. On April 15, 1947, the court, after hearing on an "Order to show cause re contempt, costs and attorney fees," found defendant "wilfully in contempt of court" and delinquent in payment of $100 per month for child support and $2,065 for medical expenses, attorneys' fees and costs. The court then granted plaintiff's motion for attorneys' fees and costs on appeal and ordered defendant to pay $1,000 as her attorneys' fees on appeal, $20 as costs on appeal, and to deposit $7,500 with the court trustee as security for payment of sums "due and to become due" from defendant. From this order of April 15, 1947, also, defendant has appealed.

Defendant filed with the District Court of Appeal, Second District, Division One, his petition for the writ of certiorari to review the order finding him in contempt. Thereafter, on July 28, 1947, the trial court ordered that its minute order of April 15, 1947, be amended "nunc pro tunc as of April 15, 1947," by adding a finding that defendant "has wilfully and deliberately failed and refused" to make the payments ordered by the January 7, 1947, judgment, although "having the ability so to do." The District Court of Appeal denied defendant's petition for certiorari in August, 1947 (2 Civ.

No. 16110) and denied his petition for rehearing. His petition for hearing in the Supreme Court was denied in October, 1947.

On November 26, 1947, plaintiff filed her notice of motion to stay proceedings on both of defendant's appeals until defendant ''shall comply with the orders of the Superior Court relating to attorney's fees, court costs, medical expenses, support of the minor child and deposit as security.'' She avers that she is without funds to pay attorneys' fees and costs and has borrowed money to support the minor child; that defendant has made none of the payments required by the judgment and order from which he appealed; that he is able to make such payments; that defendant ''prior to the hearing in December, 1946, sold and disposed of all of his property in . . . California, and that he is not within . . . and resides outside California.'' This is the motion which is presently before this court.

In support of her motion plaintiff relies upon *Borenstein* v. *Borenstein* (1938), 11 Cal.2d 301, 302-303 [79 P.2d 388]. In that case respondent wife moved to dismiss an appeal on the ground that appellant husband had not complied with an order of the trial court that he pay her attorneys' fees and costs on appeal. This court stated (p. 302 of 11 Cal.2d), ''There does not appear to be any merit in the present motion. A motion to secure a stay of proceedings until appellant shall comply with the order requiring the payment of attorneys' fees and costs, if made, would afford a proper remedy. (*Allen* v. *Superior Court* (1901), 133 Cal. 504 [65 P. 977].)'' (See also *Winter* v. *Superior Court* (1886), 70 Cal. 295 [11 P. 633], and *Farrar* v. *Farrar* (1920), 45 Cal.App. 584, 585-586 [188 P. 289], cited by plaintiff.)

Defendant contends that the motion is inappropriate because plaintiff is not entitled to the payments ordered by the trial court. He says, ''she cannot claim these [ordered payments] as a wife'' because a final decree of divorce was entered on December 16, 1946, prior to entry, on January 7, 1947, of the judgment from which he appeals. However, plaintiff is not seeking the payment of alimony to herself, but rather is attempting to enforce an obligation to support a child which the trial court found to be the legitimate child of the parties and awarded to plaintiff's custody. Consequently we are not on this motion concerned with whether plaintiff was still the wife of defendant at the time of the entry of the judgment from which he appeals. The law is established that, despite the fact that a final decree of divorce contains

no provision for support of the children of the parties, the court may in supplemental proceedings in the divorce action order the husband to make payments for that purpose. (See Civ. Code, § 138; *Harlan* v. *Harlan* (1908), 154 Cal. 341 [98 P. 32], and cases there discussed; *Lewis* v. *Lewis* (1917), 174 Cal. 336, 338 [163 P. 42]; *Puckett* v. *Puckett* (1943), 21 Cal.2d 833, 841 [136 P.2d 1]; *Bernard* v. *Bernard* (1947), 79 Cal.App.2d 353, 358 [179 P.2d 625]; 9 Cal.Jur. 801-809; *cf.*, *Nelson* v. *Nelson* (1936), 7 Cal.2d 449, 453-454 [60 P.2d 982].)

Moreover, a child's rights in this respect cannot be barred by agreement between the parents. (*Lewis* v. *Lewis* (1917), *supra*, 174 Cal. 341; *Karlslyst* v. *Frasier* (1931), 213 Cal. 377, 381 [2 P.2d 362]; *Chiarodit* v. *Chiarodit* (1933), 218 Cal. 147, 153 [21 P.2d 562]; *Rosher* v. *Superior Court* (1937), 9 Cal.2d 556, 559 [71 P.2d 918].) It follows that the property settlement agreement, which was entered into some 19 months prior to birth of the child but which, defendant argues, bars plaintiff's right to an allowance of attorneys' fees and costs in any litigation between the parties, cannot defeat the power of the court to make such allowance in this proceeding for child support. (*Lucachevitch* v. *Lucachevitch* (1945), 69 Cal.App.2d 478, 485-486 [159 P.2d 688].)

Defendant next relies upon *Schallman* v. *Haas* (1917), 33 Cal.App. 28, 34 [164 P. 336], wherein it was held (as quoted by defendant from 20 Cal.Jur. 421), ''Where the defendant denies that he is the father of the child, the trial court pending an appeal from its judgment has no power to order him to pay costs necessary to resist the appeal, counsel fees and the child's maintenance.'' That case is not controlling here. It was an action by the mother, under section 196a of the Civil Code, for support of the alleged illegitimate child of the parties. After the case was decided section 196a was amended and the trial court now has statutory authority to award suit money and support pendente lite in such a proceeding. (*Carbone* v. *Superior Court* (1941), 18 Cal.2d 768, 771 [117 P.2d 872, 136 A.L.R. 1260].)

Whether the proceeding whereby child support is sought is one under section 196a or one such as the instant case, proof of paternity is, of course, prerequisite to the award of suit money and support pendente lite. (*Carbone* v. *Superior Court* (1941), *supra*, 18 Cal.2d 768.) Here, defendant urges, this requirement has not been met for he ''has produced [at the trial in November and December, 1946] scien-

tific proof, uncontradicted, and by court-appointed impartial scientists, which irrefutably shows that it was impossible for him ever to have caused the conception of any child." The medical testimony establishes that defendant sustained an injury to the scrotum many years before and was sterile at the time the tests were made, 18 months after the conception of the child. On the basis of these facts it was the opinion of the medical experts that defendant had been sterile for many years as a result of the injury. The possibility that the sterility was of recent origin was not conclusively excluded, however, and plaintiff testified that defendant was the only person with whom she had had intercourse during the period when conception took place. Under such circumstances it is not appropriate, on this motion, to consider the merits of the appeal.

Defendant asserts that he has "been unable to raise this huge security for costs required by the April 15, 1947, Order in the sum of Seventy-five Hundred . . . Dollars, or any sum" and that there is no showing that he has, or at any time had, the ability to comply with the orders requiring him to pay the various sums above mentioned. Therefore, he argues (citing *Pugliese* v. *Pugliese* (1927), 200 Cal. 652, 653 [254 P. 266]), no cause for staying the proceedings on these appeals has been shown. The record discloses, however, that the findings of ability to pay made on January 7 and April 15, 1947, were based upon evidence of defendant's admitted receipt in June, 1946, of $58,000 upon the sale of certain real property. Defendant's further statement that he had immediately paid such money over "to his nieces in Chicago under a precatory trust" merely created a conflict in the evidence which the trial court resolved in plaintiff's favor and which this court will not disturb. (See *In re Hadley* (1943), 57 Cal.App.2d 700, 703 [135 P.2d 381].) Nor will this court predicate a finding that defendant has lost the ability to comply with the judgment and order appealed from upon his bare assertion that he has "been unable to raise . . . any sum."

As suggested in *Borenstein* v. *Borenstein* (1938), *supra*, 11 Cal.2d 301, 302-303, we are of the view that, at least in cases such as this where the defendant has left the state and has taken his property with him, a motion to stay proceedings until defendant-appellant complies with an order of the trial court for the payment of attorneys' fees and costs on appeal is a proper remedy. We are further of the view that the interest of plaintiff will be adequately protected if the hearing and determination of these appeals are stayed

until defendant has complied with the order of April 15, 1947 (L. A. 20320) that defendant pay plaintiff's attorneys' fees and costs on appeal and deposit with the court trustee the sum of $7,500 as security for compliance by him with such orders in the pending litigation as may ultimately be determined to be valid.

For the reasons hereinbefore set forth proceedings on the merits in the two appeals are stayed until defendant complies with the order of April 15, 1947 (in L. A. 20320) for the payment of plaintiff's attorneys' fees and costs on appeal, and deposits the sum of $7,500 as security for compliance by him with such other orders in the pending litigation as may ultimately be determined to be valid.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied November 15, 1948.