[Civ. No. 18473.   Second Dist., Div. Two.   Nov. 20, 1951.]

MAUREEN NEWTON, Appellant, v. LOS ANGELES
TRANSIT LINES (a Corporation), Respondent.

Licker & Wallace for Appellant.

Richard M. Gilliland and Robert C. Carlson for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury, in an action to recover damages for personal injuries, plaintiff appeals.

*Facts:* Plaintiff instituted the present action to recover for personal injuries arising out of an accident that occurred on one of defendant's streetcars on October 20, 1948.

The complaint was filed November 16, 1949. In an endeavor to avoid the bar of the statute of limitations, section 340, subdivision 3 of the Code of Civil Procedure,* plaintiff alleged in substance that defendant's agent advised and assured plaintiff defendant was liable for the accident; that defendant would assume complete liability for the accident and reimburse plaintiff for all medical expenses, loss of income and other expenses in connection with the accident, and it would be unnecessary for plaintiff to consult an attorney; that defendant carried on negotiations for settlement with plaintiff until October 25, 1949, and plaintiff relied upon said representations and was lulled into a sense of security and therefore did not file an action sooner.

Defendant raised the affirmative defense that the cause of action was barred by the provisions of the Code of Civil Procedure above mentioned. After taking evidence the trial court sustained defendant's defense that the statute of limitations had run and made a finding accordingly.

*Questions:* First: *Was there substantial evidence to sustain the trial court's finding that the statute of limitations barred plaintiff's cause of action?*

*Yes.* There was a conflict in the evidence. Therefore we must presume the evidence most favorable to defendant (respondent) is true. In addition to other evidence Mr. Burgess, defendant's agent, testified (a) that his last communication with plaintiff relative to a settlement was May 26, 1949; (b) denied ever telling plaintiff defendant was liable for the accident; (c) denied telling plaintiff defendant would assume complete liability for the accident or reimburse her for special damages, pain and suffering; (d) denied telling plaintiff it would be unnecessary for her to consult an attorney. This was substantial evidence to sustain the trial court's finding that plaintiff did not rely on any statements of defendant's agent

---

*Section 340, subdivision 3, Code of Civil Procedure reads:

"An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized indorsement;"

which lulled her into a sense of security and caused her to delay filing a complaint until after the statute of limitations had run.

■ Second: *Did the trial court commit prejudicial error in striking from the record certain testimony of Mr. Burgess?*

*No.* During the course of the examination of Mr. Burgess the following occurred:

"THE COURT: . . . Is there anything in the meantime that has refreshed your recollection overnight?

"MR. WATERS: May I say something, if your Honor please?

"THE COURT: After he answers my question.

"A. Well, your Honor, I only know that if I did say such a thing it was only for the purpose of keeping her from going to an attorney until such time as we turned down her $500 demand. And I have never told any claimant not to go to an attorney at all.

"THE COURT: That may all be stricken as not responsive to any question that I asked."

Clearly the trial court's ruling was correct. The answer given by Mr. Burgess was not responsive to the question asked by the trial judge.

Third: *Did the trial court commit prejudicial error in sustaining an objection to the following question asked plaintiff?*

"Q. What were your impressions in relation to what Mr. Burgess told you as to your dealings with the Los Angeles Transit Lines?"

*No,* for two reasons: (1) The question called for a conclusion of the witness. ■ There is a general rule that witnesses must testify to facts and not to their opinions or conclusions (*Clapp* v. *Churchill,* 164 Cal. 741, 747 [130 P. 1061]; *Parker* v. *Otis,* 130 Cal. 322, 331 [62 P. 571, 927, 92 Am.St.Rep. 56]);

■ (2) Where a question to which an objection is sustained does not itself indicate the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed by an appellate court, an offer of what is proposed to be proven must first be made to the trial court so the reviewing court can determine whether the proposed evidence would have been material and beneficial to the party offering it. (*Estate of Hunt,* 33 Cal.App.2d 358, 360 et seq. [91 P.2d 609.) In the instant case the question to which objection was sustained did not indicate the answer would be either material or beneficial to plaintiff nor was any offer of proof made.

Affirmed.

Moore, P. J., concurred.