[Civ. No. 18726.   Second Dist., Div. Two.   Mar. 31, 1952.]

MARGARITO G. VEYNA, Appellant, v. TADDY MESAS VEYNA, Respondent.

A. J. O'Connor and George J. Hider for Appellant.

C. E. Clough and Richard M. Durall for Respondent.

McCOMB, J.—From an order allowing defendant temporary alimony for the benefit of herself and an alleged minor child, plaintiff appeals.

*Facts:* Plaintiff filed a complaint for divorce from defendant on September 21, 1949. April 28, 1950, he filed a supplemental complaint which differed only from the original complaint as to the date of separation of the parties. Both pleadings alleged there were no children of the parties.

On May 12, 1950, defendant filed an answer and also a cross-complaint in which she alleged "that there were no children of the parties." May 29, 1950, defendant filed an amended cross-complaint in which she alleged there were no children of her marriage to plaintiff.

February 13, 1951, defendant filed an application for an order to show cause why plaintiff should not be required to give her an allowance for the support of an alleged minor child of the parties which had been born to her. At the time of the hearing she introduced a birth certificate obtained in Mexico, in which plaintiff was named as the father of the child which she claimed had been born to her on October 6, 1950.

The trial court allowed defendant alimony for the support of the child pending the trial of the divorce action.

*Questions:* First: *Did the trial court have jurisdiction to make the award for the support of the alleged child of the parties pendente lite since neither the complaint nor cross-complaint alleged the existence of a child as a result of the marriage of the parties?*

*Yes.* ▮ The existence of the child as a result of a marriage need not be pleaded to give the court jurisdiction to award its custody or to order payment of money for its support. (*Cf. Krog* v. *Krog,* 32 Cal.2d 812, 816 [1] et seq. [198 P.2d 510].)

▮ Second: *Was there substantial evidence to sustain the trial court's finding that plaintiff was the father of the child which defendant testified was born to her October 6, 1950?*

*Yes.* Defendant's testimony that plaintiff was the father of the child and the birth certificate constituted substantial evidence to sustain the trial court's finding that plaintiff was for the purpose of the order the father of the baby to which defendant stated she had given birth. (*Arais* v. *Kalensnikoff*, 10 Cal.2d 428, 433 [3] et seq [74 P.2d 1043, 115 A.L.R. 163]; *Potasz* v. *Potasz*, 68 Cal.App.2d 20, 21 [1] et seq. [155 P.2d 895].) We must on appeal disregard contrary evidence.

It is to be noted that the trial court's finding was solely a tentative one for the purpose of awarding support money pending the trial of the divorce action. The final determination as to the paternity of the child must await the finding of the trial court predicated upon evidence to be introduced at the time of the trial, and this opinion is not to be construed as an indication that this court is of the view that plaintiff is the father of the child in question.

Affirmed.

Moore, P. J., and Fox, J., concurred.