DRAPER, J.
The sole question on this appeal concerns the jurisdiction of the trial court to amend its decree annulling the marriage of the parties. Plaintiff John Cortijo filed his complaint for annulment June 25, 1951. He alleged that the parties had lived together only 12 days and that there was no child of the marriage. Defendant Dolores filed a document admitting the truth of the allegations. Decree of annulment was entered September 27, 1951. The record before us shows no further step in this action until October 17, 1958, when Dolores filed this motion to amend the decree to show that a son was born of the marriage January 23, 1952.
*681 The trial court’s denial of the motion was based solely upon the view that it lacked jurisdiction. If jurisdiction exists, the order must be reversed.
We find no case dealing with this question in an annulment action. However, the like point has been determined in divorce actions. In Krog v. Krog, 32 Cal.2d 812 [198 P.2d 510], the court upheld the propriety of a similar motion requiring declaration of the birth of a child conceived after entry of the interlocutory decree of divorce. A pleading by the mother that there is no child, even though filed at a time when she normally would know her pregnancy, does not affect this jurisdiction. (Veyna v. Veyna, 110 Cal.App.2d 175 [242 P.2d 55].)
The decision in Krog is largely based upon the provision of the code (Civ. Code, § 138) which then read “the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children” as seems proper. This section was recast by the 1951 amendments (Stats. 1951, eh. 1700), but its effect as relates to the issue decided in Krog remains the same (Washington v. Washington, 163 Cal.App.2d 129 [329 P.2d 115]).
It is highly significant that the code makes substantially similar provision for children “conceived or born” before a decree of annulment. “ (T)he court may during the pendency of the action, or at the time judgment is rendered or at any time thereafter make such order for the custody, care, education, maintenance and support of such children during their minority” as seems proper (Civ. Code, § 84).
On its face, this provision seems clearly to authorize consideration by the court of the order here sought. Its language is almost identical to that of the former section governing the comparable situation in divorce cases. In the light of Krog, there can be no doubt of the jurisdiction to determine whether the child here involved was conceived or born before the decree of annulment.
Of course, we express no view as to the facts which may bear upon the issue of paternity. We hold only that the court has jurisdiction to try that issue.
Order reversed.
Kaufman, P. J., and Good, J. pro tern.,* concurred.

 Assigned by Chairman of Judicial Council.