[S. F. No. 2793. In Bank. — July 31, 1901.]

## J. W. E. ALLEN, Petitioner, v. SUPERIOR COURT, etc., Respondent.

ACTION TO ANNUL MARRIAGE — REFUSAL TO TRY CAUSE — NON-PAYMENT OF ALIMONY AND SUIT-MONEY. — The superior court cannot properly refuse to proceed with the trial of an action to annul a marriage on the ground of non-payment by the plaintiff of alimony, which he has been adjudged unable to pay upon proceedings for contempt; but it may properly make the non-payment of suit-money, as distinguished from alimony, a ground for stay of proceedings until the same is paid.

ID. — MANDAMUS — CONDITIONS OF TRIAL TOO EXACTING — NON-COMPLIANCE WITH PROPER CONDITIONS — DISMISSAL. — A proceeding for a *mandamus* to compel the trial of a cause, where the conditions of the trial are made too exacting, will be dismissed without costs, where the petitioner has not offered to comply with the conditions which the court might properly impose.

PETITION in the Supreme Court for a writ of mandate to the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Alfred P. Black, for Petitioner.

Benjamin Healey, for Respondent.

BEATTY, C. J. — This is a petition for a writ of mandate to the superior court to proceed to trial of an action by the petitioner against his wife to annul the marriage, upon the ground of fraud. The facts of the case are, that the defendant in the action referred to, after appearing therein, applied

to the court for an order allowing her alimony and suit-money, and the court made an order requiring the plaintiff (petitioner herein) to pay her the sum of fifty dollars as counsel fees, and twenty dollars per month for her support. The plaintiff failed to pay any part of the sums ordered to be paid, and was cited to show cause why he should not be punished for contempt for failing to obey the order of the court. After a hearing upon the citation for contempt, the court found that the failure to pay was due to inability on the part of the plaintiff to comply with the order, and the proceeding was dismissed. At the same time the court made an order staying all proceedings in the action to annul the marriage, and has ever since refused to grant the petitioner a hearing upon the merits of his case unless he complies with the order to pay both counsel fees and alimony.

We think the court is in error in refusing the petitioner a hearing until he pays the alimony. It is conceded that he is unable to pay anything, and such being the case, he should not be debarred from a trial until he has provided for his wife's support. It is enough to stay the proceeding until he provides the defendant with the money actually necessary for her defense, independent of support,—suit-money, as distinguished from alimony. As to suit-money, the right of the wife cannot be denied. Until her alleged fraud is established, she remains the lawful wife of the petitioner, and has the same right to defend the action to annul the marriage that he has to prosecute it, and until she is provided with the means actually necessary to make her defense, she ought not to be forced into a trial. This conclusion is sustained by all the opinions, concurring and dissenting, in the case of *Hite* v. *Hite*, 124 Cal. 389.[1]

It is not clear what ought to be the judgment in a case where a court has imposed conditions too exacting upon a party demanding the trial of a cause, and where the party has not offered to comply with the conditions which the court might properly have imposed. Under the circumstances of this case we think it will be proper to dismiss the proceeding, without costs.

It is so ordered.

Temple, J., McFarland, J., Garoutte, J., and Van Dyke, J., concurred.

---

[1] 71 Am. St. Rep. 82.