[No. 1973]

ERNEST POUPART, PETITIONER, *v*. THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT, STATE OF NEVADA, IN AND FOR ESMERALDA COUNTY, PETER J. SOMERS, JUDGE OF SAID COURT, AND CECILE POUPART, RESPONDENTS.

1. MARRIAGE—ACTION TO ANNUL—ALIMONY—JURISDICTION OF COURT TO AWARD.

Stats. 1861, c. 33, secs. 1, 18–21 (Rev. Laws, 2338, 2354–2357), respectively provide that marriage is a civil contract to which the consent of the parties is essential, and that, when fraud shall be proved, the marriage shall be void from the time when it is so adjudged by a court of competent jurisdiction, and that, when a marriage is supposed to be void or the validity is disputed, either party may file a complaint, and proceedings shall be had thereon as in proceedings for divorce.   'Stats. 1861, c. 33, sec. 27, as amended by Stats. 1864–65, c. 14 (Rev. Laws, 5843), provides that in any suit for divorce the court may in its discretion at any time after the filing of the complaint require the husband to pay such sum as may be necessary to enable the wife to carry on and defend the suit, and for her support and that of her children during its pendency.   An action was brought by a husband to annul a marriage for fraud, and the wife filed an affidavit denying its invalidity, and praying an allowance of alimony *pendente lite*.   *Held*, that, though alimony cannot be allowed if the marriage in fact be void, the district court had jurisdiction to award temporary alimony.

2. IDEM—ACTION TO ANNUL—REVIEW—MATTERS REVIEWABLE—
DISCRETION OF COURT—TEMPORARY ALIMONY.
   On *certiorari* to review the action of the district court in allow-
ing alimony *pendente lite* in a proceeding for the annulment of
the marriage, the discretion of the district court in awarding
the alimony cannot be reviewed.

ORIGINAL PROCEEDING.   *Certiorari* by Ernest Poupart
to review the action of the District Court of the Seventh
Judicial District of the State of Nevada.   **Proceeding
dismissed.**

The facts sufficiently appear in the opinion.

*M. A. Diskin* and *George Springmeyer*, for Petitioner.

*J. Emmett Walsh*, for Respondents.

By the Court, SWEENEY, C. J. :

This is an original proceeding in *certiorari* to review
an order of the respondent court, made and entered in a
certain action pending in said court, for the annulment
of the marriage relation, in which Ernest Poupart is
plaintiff and Cecile Poupart is defendant, directing that
said plaintiff pay a certain amount of money monthly to
the defendant as alimony *pendente lite* and additional
specified sums for counsel fees and for costs of suit.
The complaint in the said action alleged that the mar-
riage sought to be annulled was accomplished by means
of fraud and duress and against plaintiff's will, and that
that there was no subsequent cohabitation of the parties.
It is the contention of the petitioner that the court below
had no power to make the order in question in this char-
acter of action, and particularly when, at the time the
order was made, there was no specific denial of the
allegations of the complaint.   There was no admission,
however, upon the part of the defendant of the allega-
tions in the complaint.   Upon the contrary, the defend-
ant in her affidavit in support of her application for
alimony, among other matters, alleged the marriage of
plaintiff and defendant, that one child is the result of the
said marriage, and that she has a full and complete

defense to the cause of action alleged in the complaint. We are concerned upon this proceeding solely with the question of jurisdiction to make the order in question, and not as to a question of the proper exercise of discretion, in the event the court was possessed of power to exercise it. We think the order was within the jurisdiction of the court.

Sections 1, 18, 19, 20, and 21 of our act relating to marriage and divorce (Stats. 1861, p. 94; Rev. Laws, 2338, 2354–2357) provide:

"SECTION 1. That marriage, so far as its validity in law is concerned, is a civil contract, to which the consent of the parties capable in law of contracting, is essential."

"SEC. 18. All marriages which are prohibited by law on account of consanguinity between the parties, or on account of either of them having a former husband or wife living, shall, if solemnized within this territory, be absolutely void without any decree of divorce or other legal proceedings.

"SEC. 19. When either of the parties to a marriage, for want of age or understanding, shall be incapable of assenting thereto, or when fraud shall have been proved, and there shall have been no subsequent voluntary cohabitation of the parties, the marriage shall be void from the time its nullity shall be declared by a court of competent authority.

"SEC. 20. In no case shall a marriage be adjudged a nullity, on the ground that one of the parties was under the age of legal consent, if it shall appear that the parties, after they attained such age, had, for any time, freely cohabited together as husband and wife, nor shall the marriage of any insane person be adjudged void, after his restoration to reason, if it shall appear that the parties freely cohabited together as husband and wife after such insane person was restored to a sound mind.

"SEC. 21. When a marriage is supposed to be void, or the validity thereof is disputed for any of the causes mentioned in the two preceding sections, either party may file a complaint in the probate court of the county

where the parties or one of them, resided, for annulling . the same; and such complaint shall be filed, and proceedings shall be had thereon, as in the case of proceedings in said court for a divorce, and upon due proof of the nullity of the marriage, it shall be adjudged null and void."

Section 27 of the same act, as amended by Stats. 1864–65, c. 13 (Rev. Laws, 5843), in part provides: "In any suit for divorce  *  *  *  the court or judge may, in its discretion  *  *  *  at any time after the filing of the complaint, require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit, and for her support and the support of the children of the parties during the pendency of such suit.  *  *  *"

The authorities appear to be quite uniform in holding that trial courts have power to order alimony *pendente lite* and the payment of the expenses of litigation in suits brought by the husband to annul the marriage. (*Vroom* v. *Marsh*, 29 N. J. Eq. 15; *Cray* v. *Cray*, 32 N. J. Eq. 25; *O'Dea* v. *O'Dea*, 31 Hun, 441, affirmed in 95 N. Y. 667; *Brinkley* v. *Brinkley*, 50 N.Y. 184, 10 Am. Rep. 460; *Higgins* v. *Sharp*, 164 N.Y. 4, 58 N. E. 9; *Poole* v. *Wilber*, 95 Cal. 339, 30 Pac. 548; *Hite* v. *Hite*, 124 Cal. 389, 57 Pac. 227, 45 L. R. A. 793, 71 Am. St. Rep. 82; *Allen* v. *Superior Court*, 133 Cal. 504, 65 Pac. 977; 26 Cyc. 917.) See, also, case note 3 L. R. A. (N. S.) 192; Nelson on Divorce and Separation, 853.

Cyc., *supra*, states the rule thus: "As a general rule the right to alimony depends on a valid and subsisting marriage, since, without this, there is no obligation for the support of the alleged wife, and, before it can be claimed or allowed, the marriage must be proved or admitted, or, if it is contested, there must appear to the court a fair probability that it will be established. Hence where a wife brings suit for the annulment of the marriage, thereby denying the fundamental fact on which a claim for alimony should be based, no allowance can be made for her support pending the action or for suit

money, unless it be authorized by a statute. On the other hand, where the husband brings the suit and the wife defends, asserting the validity of the marriage, she is in position to claim alimony *pendente lite* and an allowance for the expenses of the suit and for counsel fees, and it will be granted to her on a proper showing. But, of course, it is otherwise if the wife as defendant admits that the marriage was null and void."

In *Allen* v. *Superior Court, supra,* the Supreme Court of California, by Beatty, C. J., said: "Until her alleged fraud is established, she remains the lawful wife of the petitioner, and has the same right to defend the action to annul the marriage that he has to prosecute it, and, until she is provided with the means actually necessary to make her defense, she ought not to be forced into a trial. This conclusion is sustained by all the opinions, concurring and dissenting, in the case of *Hite* v. *Hite,* 124 Cal. 389 [57 Pac. 227, 45 L. R. A. 793, 71 Am. St. Rep.]." We think it clear that the court below had jurisdiction to make the order under review.

Whether or not the court erred in the exercise of its discretion cannot be considered on *certiorari.* (*Kapp* v. *District Court,* 31 Nev. 444.)

For the reasons stated, it is ordered that this proceeding be dismissed.