[L. A. No. 9549. In Bank.—March 10, 1927.]

## ANITA PUGLIESE, Respondent, v. FRANK PUGLIESE, Appellant.

[1] DIVORCE—APPEAL—FAILURE TO PAY COUNSEL FEES—STAY.—In an action for divorce, a motion to stay appellant's appeal until he shall have obeyed orders of the trial court for the payment of counsel fees of respondent should be denied where there is no showing either that appellant is able to comply with the orders or .that respondent is unable to provide herself with and to pay counsel to represent her upon said appeal.

(1) 19 **C. J.**, p. 323, n. 64, 68 New.

MOTION to stay appeal from a judgment of the Superior Court of Los Angeles County. Wm. C. Doran, Judge. Motion denied.

The facts are stated in the opinion of the court.

E. M. Torchia and C. W. Pendleton for Appellant.

Clyde W. Smith for Respondent.

THE COURT.—Motion to stay appellant's appeal. The action was one for divorce, wherein the plaintiff obtained an interlocutory decree of divorce, which included a judgment or order for a division of the community property between the parties. The community property consisted of certain real estate, and also of a gasoline launch partly owned by the defendant and which was the source of his livelihood as a fisherman. The order also provided for the payment of the sum of $50 per month for the support of the minor children of the parties, and further provided for the payment of $250 as plaintiff's counsel fees, and also for her costs of suit. The defendant began and has since continued to make the monthly payment for the support of his minor children as required by said order. He has also paid a sum of money which would satisfy the plaintiff's demand

1. Financial condition of parties as affecting allowance of alimony, note, 35 **A. L. R.** 1099. Allowance of counsel fees to wife to prosecute or defend appeal in matrimonial action, note, 18 **A. L. R.** 1494.

for costs. He has not, however, paid the amount of the counsel fees as provided in the original order. The defendant has appealed from said interlocutory decree. Upon taking said appeal the appellant was cited by the superior court to show cause why he should not be punished for contempt in failing to obey the order of the court relating to the payment of counsel fees. The record discloses that upon the hearing of said citation the trial court dismissed the contempt proceedings. [1] The record further shows that the court upon the showing that such appeal had been taken ordered the appellant to pay an additional sum of $250 for the payment of counsel fees upon said appeal. So far as this record discloses the plaintiff has made no further effort to enforce said orders for the payment of counsel fees, either by execution or by any further proceedings in contempt. She, however, appears in this court with a further motion to stay the appellant's appeal until he shall have complied with said orders. In support of her motion she presents an affidavit which merely shows that the defendant has not obeyed said orders or either of them, but which fails to show either that the appellant is able to comply with said orders or that she herself is not able to provide herself with and to pay counsel to represent her upon said appeal. The record upon the trial of the cause shows that the only property which the defendant was permitted to retain was his interest in his gasoline launch, his earnings by means of which as a fisherman being uncertain, and at best little more than sufficient to enable him each month to make the payment required for the support of his children. There has been no showing made here that he has any further ability to comply with the orders of the trial court with relation to his payment of his wife's counsel fees upon the trial and upon appeal. In the presence of the foregoing facts we are of the opinion that the respondent has made an insufficient showing for an order herein staying the hearing upon this appeal.

The motion is denied.