[Civ. No. 1242. Fourth Appellate District.—February 27, 1933.]

YUSUKE TAKEHATA, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

Ray L. Smith for Petitioner.

Head, Wellington & Jacobs for Respondents.

BARNARD, P. J.—This is an application for a writ of mandate to compel the respondent court and judge to proceed with the trial of an action for annulment of marriage, in which the petitioner is the plaintiff. When the action came on for trial the court refused to proceed with the same until such time as petitioner complied with an order previously made requiring him to pay to the defendant the sum of $30 per month as alimony *pendente lite*, with the further sum of $15 for court costs incurred by the defendant. In this previous order the question of attorney's fees had been reserved until the hearing of the case on its merits. It appears from the petition that the respondent court refused to hear any testimony with reference to the petitioner's ability to meet the payments required by the prior order, and that the petitioner has not been found to be in contempt by reason of his failure to make the payments referred to.

The only case cited by respondents is *Farrar* v. *Farrar*, 45 Cal. App. 584 [188 Pac. 289]. While the question now before us was not involved in that case, in passing upon an appeal from an order requiring a husband to pay a certain monthly sum for the support of his wife pending an appeal, together with a further sum for printing her brief on appeal, the statement is made that where an action is brought by a husband, a court will refuse to proceed therewith until compliance is made with an order to pay temporary alimony

and the expense of defending the suit. In support thereof the court cited the case of *Winter* v. *Superior Court,* 70 Cal. 295 [11 Pac. 633]. In the last-named case there was involved only an order for the payment of counsel fees to enable a wife to make her defense, and it was held that the trial court did not abuse its discretion in refusing to set the case for trial until such order was complied with or set aside. The facts in the case of *Allen* v. *Superior Court,* 133 Cal. 504 [65 Pac. 977, 978], are very similar to those in the case now before us with the one exception that, in the instant case, the question of the ability of the petitioner to pay has apparently not been examined into or passed upon. In the Allen case the court said: "We think the court is in error in refusing the petitioner a hearing until he pays the alimony. It is conceded that he is unable to pay anything, and such being the case, he should not be debarred from a trial until he has provided for his wife's support. It is enough to stay the proceeding until he provides the defendant with the money actually necessary for her defense, independent of support—suit-money, as distinguished from alimony. As to suit-money, the right of the wife cannot be denied. Until her alleged fraud is established, she remains the lawful wife of the petitioner, and has the same right to defend the action to annul the marriage that he has to prosecute it, and until she is provided with means actually necessary to make her defense, she ought not to be forced into a trial."

The language just quoted is cited with approval in *Dunphy* v. *Dunphy,* 161 Cal. 87 [118 Pac. 445]. In *Pugliese* v. *Pugliese,* 200 Cal. 652 [254 Pac. 266], the rule above stated seems to be somewhat modified with respect to the payment of counsel fees, at least in so far as proceedings on appeal are concerned, in the absence of any showing as to necessity and ability to pay, respectively.

We think, therefore, that the court was in error in refusing to proceed with this trial until the order to pay $30 a month for the support of the wife was complied with, in the absence of any showing that the petitioner was able to comply with the order. A somewhat different situation exists with reference to the order to pay $15 for court costs. With respect to that, so far as we are informed, the rule set forth in *Allen* v. *Superior Court, supra,* is still con-

trolling. While the petitioner states in his authorities that he offered to pay this $15, the only proof in the record before us is to the contrary. Apparently, however, he is willing to pay the same. The question as to his ability to pay the amount ordered for the support of his wife can and should be disposed of. Under the circumstances, the petitioner not having brought himself clearly within the rule, we think this petition should be denied.

For the reasons given the petition is denied and this proceeding dismissed.

Marks, J., and Jennings, J., concurred.