[L. A. No. 21077. In Bank. Nov. 4, 1949.]

EDITH LOUISE LAWRIE KOPASZ, Respondent, v. JOHN CHARLES KOPASZ, Appellant.

Blanche & Fueller, John K. Blanche and Charles M. Fueller for Appellant.

Louis Kaminar and Wm. U. Handy for Respondent.

TRAYNOR, J.—Plaintiff has moved to stay her husband's appeals from a judgment in her favor in a separate maintenance action and from an order directing defendant to pay her costs and attorney's fees on appeal. The motion is made on the grounds that plaintiff is without funds to pay such costs and fees and that defendant has failed to comply with the order of the trial court that he pay them. Defendant has filed an affidavit in opposition to the motion, alleging that he is unable to comply with the order of the trial court and that if the appeal is stayed he will be precluded from presenting his contention on appeal that the trial court in the separate maintenance action failed to give full faith and credit to a Nevada decree of divorce that defendant secured against plaintiff before the separate maintenance action was instituted. The basis of the trial court's judgment was that the Nevada decree was void because defendant never acquired a bona fide domicile in Nevada.

When a valid marriage has been admitted and the issue before the court is the validity of a foreign divorce decree, the trial court may in a proper case grant costs and attorney's fees on appeal until the effect of the foreign decree has been finally determined by the courts of this state. (*Baldwin* v. *Baldwin*, 28 Cal.2d 406, 417 [170 P.2d 670].) Accordingly, since defendant is not resisting plaintiff's motion on the ground that she is herself able to pay her costs and attorney's fees on appeal, the only question now presented is whether defendant's alleged inability to pay such costs and fees is a valid defense to plaintiff's motion.

In protection of the rights of the respective parties it has been generally held in actions involving matrimonial status that the court will not proceed with an action against a spouse who is unable to pay the amounts actually necessary to conduct a defense, unless the spouse seeking the assistance of the court is able to and does pay such amounts. (*Allen* v. *Superior Court*, 133 Cal. 504, 505 [65 P. 977]; *Dunphy* v. *Dunphy*, 161 Cal. 87, 90 [118 P. 445]; *Yusuke Takehata* v. *Superior Court*, 130 Cal.App. 133, 135 [19 P.2d 833]; *Farrar* v. *Farrar*, 45 Cal.App. 584, 585 [188 P. 289]; see, also, *Borenstein* v. *Borenstein*, 11 Cal.2d 301, 302 [79 P.2d 388].) The

theory supporting this rule is that it is less harmful to leave the parties *in statu quo* than to run the risk that the moving party will obtain an unfair advantage because of the inability of the other party to make an adequate defense.

It has been suggested, however, that the rule that the husband's inability to pay the wife's necessary costs of litigation is no defense to a stay of proceedings is applicable only to proceedings in the trial court. (See, *Yusuke Takehata* v. *Superior Court,* 130 Cal.App. 133, 135 [19 P.2d 833]; *Pugliese* v. *Pugliese,* 200 Cal. 652, 653 [254 P. 266].) The reasons, however. for staying trial until the moving party is able to pay the necessary costs of litigation are equally applicable when the losing party in the trial court is seeking to have the judgment reversed on appeal. An appellate court is in no better position to protect an unrepresented respondent than a trial court is to protect an unrepresented defendant, and no reason has been advanced for applying different rules in the two situations. In view of the cases holding that proceedings in the trial court will be stayed until the moving party is able to pay costs and attorney's fees essential to the defense, it can consistently be held only that defendant's appeal should be stayed until he is able to pay plaintiff the costs and fees necessary for her to resist the appeal. In *Pugliese* v. *Pugliese,* 200 Cal. 652 [254 P. 266], relied upon for the contrary rule, there was no allegation that the wife was unable to pay her own costs or that the husband was able to pay them. In the present case the wife's uncontradicted affidavit alleges that she is unable to pay her own costs and attorney's fees. The Pugliese case is therefore not controlling here.

Proceedings on the merits in the two appeals are stayed until defendant complies with the order of January 7, 1949, for the payment of plaintiff's costs and attorney's fees on appeal.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied December 1, 1949.