[Civ. No. 14504. First Dist., Div. Two. Dec. 18, 1950.]

SARA JANE TALBOT DIMON, Respondent, v. CHARLES GRAYSON DIMON, Appellant.

Johnson, Harmon & Henderson for Appellant.

Samuel L. Fendel and Gerald D. Marcus for Respondent.

NOURSE, P. J.—Respondent moves for a stay of appellate proceedings until appellant complies with an order for costs and attorney's fees pending appeal.

The parties were married in 1926 and have two children, a son, born November 24, 1928, and a daughter, born January 20, 1933. On September 14, 1945, when the wife resided in Connecticut she instituted a divorce action there, the husband being served by registered mail in New York. On March 1, 1946, the Connecticut superior court granted a divorce by default on the ground of intolerable cruelty, awarded the wife the care and custody of the children and $25 per week support for the children and $15 a week alimony. No appeal was taken.

On August 4, 1947, the wife filed in the San Francisco superior court a complaint, later amended to read for maintenance and support of minor children and for support of former wife, on the ground that the husband had not paid any support and that the Connecticut decree though final as to the divorce was without force as a judgment in personam against defendant because no jurisdiction of his person was obtained. Pending the action the wife remarried on August 31, 1948. The trial court on November 25, 1949, gave judgment for $1,950 support for the wife from the Connecticut decree till the remarriage at the rate of $15 per week but not based on the Connecticut decree; $1,850 for support of the children until the commencement of the action in San Francisco at the rate of $25 per week, and $37.50 per child per month for maintenance and support of the children from the commencement of the action during the minority of each child, and $500 costs. The cross-action of the husband need not be set out here.

The husband appealed and has not made any payments. On motion of the wife the superior court on September 15, 1950, made an order granting her $250 for costs and $750 for attorney fees on appeal and ordered that the $37.50 support money awarded for the daughter should be paid during the appeal or until her majority. It is the noncompliance with the latter order which is stated as the ground for the stay of the appeal from the judgment of November 25, 1949. Mean-

while the husband has also appealed from this order of September 15, 1950.

■ *Kopasz* v. *Kopasz*, 34 Cal.2d 423 [210 P.2d 846], cited by respondent, is authority for the stay of an appeal against a respondent spouse unable to pay the amounts actually necessary to conduct a defense when the appellant spouse does not provide the means, irrespective of whether the appellant is able to provide them. However the affidavit of the attorney Fendel supporting the motion does not state that the wife is unable to pay her own costs and those of the minor but only "that said respondent and her counsel should not be required to proceed further with the expense of the pending appeal unless appellant complies with the order. . . ." The situation in that respect is more like *Pugliese* v. *Pugliese,* 200 Cal. 652 [254 P. 266], where stay was denied on that ground. Here respondent testified at the trial that she had received $32,775 from property of the spouses, of which part had been used for support and of which about $12,000 was left at the time of the trial.

Appellant in his opposition to the motion relies mainly on the contention that the court had no power to grant costs and attorney's fees on appeal, because there was no marriage existing and because section 137 of the Civil Code gives authority to grant alimony pendente lite and attorney's fees only when there is a marriage. *Colbert* v. *Colbert,* 28 Cal.2d 276, 279 [169 P.2d 633], calls the existence of the marriage jurisdictional. See, also, *Reeves* v. *Reeves,* 34 Cal.2d 355, 361 [209 P.2d 937]. Respondent cites *Parker* v. *Parker,* 22 Cal.App.2d 139 [70 P.2d 1003] where it was held that costs and fees would also be granted for measures necessary to enforce a deficiency in alimony granted in a divorce decree. However, here no valid alimony or support had been granted in the decree.

Without expressing any conclusion as to the merits of the two appeals it is sufficient to say that there is at least some doubt as to the jurisdiction of the court to make the order appealed from, at least so far as the wife herself is concerned since there is no evidence that the wife cannot proceed without receiving payment by the husband.

Furthermore it is manifest that a stay would be a disservice to the moving party. Such a stay would suspend all proceedings. Pending the stay there could be no enforcement of either the judgment or the order. The transcripts and appellant's opening brief are on file. The cause can be heard

on the merits when respondent files her brief. The litigation is more than five years old and it would benefit all parties to let it proceed to a final determination.

Motion denied.

Dooling, J., concurred.