[Civ. No. 16686.  First Dist., Div. One.  June 24, 1955.]

NANCY BUTTE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; FELIX BUTTE, Real Party in Interest.

---

Kathryn Gehrels for Petitioner.

Lois Preston for Respondent.

WOOD (Fred B.), J.—Nancy Butte, plaintiff and cross-defendant in a divorce action, seeks a writ restraining the superior court from proceeding with the trial until a reasonable time after defendant and cross-complainant has made certain records and documents available for her inspection and has paid her attorney fees, money for the employment of an accountant, and money for costs of suit, as previously ordered by the court.

The issues here presented have been twice considered by the trial court: first, upon hearing and granting defendant's motion to set the cause for trial; second, upon hearing and denying plaintiff's motion to postpone the trial. The decision in such a case rests primarily with the trial court acting in the exercise of a sound discretion; especially in view of the statutory provision that an award of costs or of attorney fees "may be enforced by the [trial] court by execution or by such order or orders as, *in its discretion,* it may from time to time deem necessary." (Civ. Code, § 137.3, emphasis added.) The question before us as a reviewing court is not what action we would take if it were for us in the first instance to decide. It is: Can we say, in view of all the circumstances of the case, that the trial court committed an abuse of the discretion vested in it?

Two orders for the payment of money are involved.

An order dated February 20, 1953, directs defendant to pay plaintiff's attorney $500 on account of fees, the latter "payable immediately."*

An order dated December 29, 1954, directed defendant to make available for inspection all documents, book accounts, bank accounts, income tax returns, and other records of income and expenses of defendant or of any business, partnership or corporation in which he has had an interest since the marriage of the parties.

---

*It also orders him to pay $300 a month for the support of plaintiff and their two minor children and enjoins him from conveying or encumbering any of the community property or any of his separate property pending the trial of the action, but these features of the order are not here directly involved.

The December 29, 1954, order also directs defendant to pay plaintiff $500 for the employment of an accountant, to be paid in advance of performance of services by the accountant; if defendant has not paid or arranged for payment of this sum by January 26, 1955, "the matter of time of payment will at that time be ordered by the court." (We find in the record no order fixing the time for such payment.)

The December 29, 1954, order also directs defendant to pay plaintiff the additional sum of $75 court costs, "payable immediately," and to pay plaintiff's attorney an additional $1,000 as attorney's fees, "payable immediately" except that the payment of this $1,000 "shall not be enforced by plaintiff's attorney by execution or contempt order prior to the trial of this action."*

Plaintiff claims that none of these moneys for costs or attorney fees or services of an accountant have been paid. Defendant claims the $27 item for costs has been paid but admits the other items have not been paid. He also claims and the evidence would support a finding that he lacks current ability to pay.

Plaintiff contends that the following principle applies: "In protection of the rights of the respective parties it has been generally held in actions involving matrimonial status that the court will not proceed with an action against a spouse who is unable to pay the amounts actually necessary to conduct a defense, unless the spouse seeking the assistance of the court is able to and does pay such amounts. [Citations.] The theory supporting this rule is that it is less harmful to leave the parties *in statu quo* than to run the risk that the moving party will obtain an unfair advantage because of the inability of the other party to make an adequate defense." (*Kopasz* v. *Kopasz*, 34 Cal.2d 423, 424-425 [210 P.2d 846].)**

The application of this principle, we must bear in mind, is the function of the trial court, acting in the exercise of a sound legal discretion. Its ruling can not be disturbed by

*An appeal from the order of December 29, 1954, was pending when the trial court fixed the time of trial and refused a postponement of the trial.

Later, defendant abandoned that appeal and gave notice of a motion to vacate or to modify the order of December 29, 1954.

**In the Kopasz case the Supreme Court was not reviewing the action of a lower court. It was acting in the exercise of its own discretion. It stayed proceedings on the merits of an appeal until compliance by the appellant-husband with an order requiring him to pay the respondent's costs and attorney's fees on appeal.

a reviewing court unless the latter finds there has been an abuse of discretion. In the instant case there are a number of factors which tend to the conclusion that there has been no abuse of discretion.

First, we can not say as a matter of law that the court when making the orders for attorney fees and for payment of an accountant intended to impose obligations to pay prior to trial.

The December, 1954, order by its terms held in abeyance the fixing of the time for payment of the $500 for an accountant and proscribed collection of the $1,000 attorney fee by execution or contempt process before trial.

There is evidence that at the hearing of plaintiff's application for attorney fees in February, 1953, prompt payment was not expected. Defendant's then counsel said he was worried about any payment "at this time" because of the difficulty in meeting the order for support money. The judge said, "Why not make an order and let her wait?" Fixing it at $500, the judge said, "he can't pay it right now." Defendant asked the judge, "where am I going to get the money this time?" and the judge replied, "it will be a *judgment against you.*" During this discussion, plaintiff's attorney said, "I'm not going to come in in a month."

It further appears that when in December, 1954, plaintiff's counsel was asking for an additional fee of $1,000 and stated she was willing that there be a restriction that she would not execute or proceed in contempt on the $1,000, the court asked, "What good would another allowance be if you don't have the first?" and she replied, "Well, we have *confidence that Mr. Butte is going to pay up some day.*"

The need for an extensive examination of accounts, records, and papers prior to the trial is problematical. According to an affidavit by plaintiff's counsel this action involves complicated questions of fact and law pertaining to property including the extent of defendant's interest in a Fresno winery and the community and separate property nature of said interest; the winery was involved in a complicated bankruptcy proceeding which must be gone into thoroughly in order to determine the nature of defendant's and plaintiff's present interests therein; in affiant's opinion plaintiff can not be properly represented in the trial of the action without the previous services of an accountant to go thoroughly into the financial affairs of the defendant and through all pertinent books and records; that without such the case will take a long

time, perhaps six or eight weeks, to try, which in large part could be avoided by the proposed accounting. Affiant estimated it would take two weeks to prepare for trial after the books, records and papers are made available to the plaintiff.

The only business venture in which the record indicates defendant·has had an interest is a corporation that operated a winery at Fresno. The enterprise began to encounter difficulties in 1947 due to a drop in market prices. In 1950 the inventory was lost by fire. Bankruptcy proceedings ensued. In February, 1955, notice of intention to sell the corporation's real and personal property for the benefit of the trustee in bankruptcy was given, which defendant by affidavit states "liquidates the . . . Winery, which is the subject of the accounting, and there is at this date, no need for an accountant;" that the books, records and papers requested by plaintiff's attorney are the records, books and papers of the bankruptcy court and defendant is powerless to obtain them. Plaintiff denies the last statement but does not say what books, papers and records are involved. It is quite possible, therefore, that the need for an accounting could better be determined by the trial judge during the course of the trial. If he finds it desirable he can appoint a referee to conduct the inquiry, postponing the trial meanwhile. Certainly we can not say as a matter of law that such a procedure would not better serve the interests of the parties than the method plaintiff presently seeks to pursue. Incidentally, if the winery business has been completely liquidated, the problem of ascertaining the relative community and separate property ownerships is not likely to prove complicated, especially in view of the fact that the parties have been married less than six years.

That would leave the issues of divorce and of custody of the children as the principal issues. In this connection, defendant's counsel states that defendant will adopt the report of the court's domestic relations commissioner which recommends that custody of the children be given the plaintiff (their two children are under four and five years, respectively) and will ask the court that the parents be granted joint legal custody with physical custody to plaintiff, the defendant to have reasonable right of visitation.

The record indicates that defendant's only income is a salary of $364.20 net per month; and that by a former marriage he has a six year old child for whom he endeavors to maintain a home.

A good deal of the time and energy of the parties and their counsel has been spent in proceedings for the enforcement of the order for support pendente lite. The action has been pending since April 17, 1952. In this connection we note that section 583 of the Code of Civil Procedure requires that every action be brought to trial within five years of its filing, save for certain exceptions not present here according to the record furnished us.

It is apparent, from these circumstances and from certain observations which he made at the hearing, that the judge who denied plaintiff's motion for postponement was convinced that the interests of the parties and of the children would be best served by bringing the action on for trial and final adjudication. We find no error, no abuse of discretion, in such a decision upon the facts presented.

The alternative writ is discharged and the peremptory writ denied.

Peters, P. J., and Bray, J., concurred.