[Civ. No. 9321.   Third Dist.   Dec. 23, 1957.]

MARILYN HARDY, Plaintiff and Appellant, v. JOHN C. HARDY et al., Defendants and Appellants.

John G. Robertson and Tebbe & Correia for Plaintiff and Appellant.

Eugene D. Hardy, in pro. per., and George G. Tyler for Defendants and Appellants.

VAN DYKE, P. J.—This is a motion to stay proceedings on appeal until defendants have complied with, or secured future compliance with, certain orders of the superior court, directing that there be paid sums allowed by the superior court to enable Marilyn Hardy to prosecute her cross-appeal herein and to enable her to resist the appeals of John C. and Eugene D. Hardy.

The orders were made in a divorce proceeding in which an interlocutory decree of divorce has been granted to Marilyn.

Eugene D. Hardy, a trustee of a spendthrift trust of which John C. Hardy, husband of Marilyn, is beneficiary was joined in the action. By the interlocutory decree of divorce custody of the parties' minor child was given to Marilyn and John was ordered to pay to her $150 a month as alimony and child support. Prior thereto pendente lite orders were made for payment of support for Marilyn and her child and for the payment of costs and counsel fees to enable her to prosecute the divorce proceedings. Nothing has been paid.

It appears that the only property which John owns consists of his beneficial interest in a spendthrift trust created by the will of his mother. Eugene D. Hardy was the husband of the testatrix, the father of John, and the grandfather of the minor. During a time when, although the testatrix had died, her will, which had been lost, was not being probated, and when, therefore, it appeared that John was an heir, he negotiated a property settlement with Marilyn pursuant to which he conveyed certain property coming to him as an heir of his mother. His mother's will having been discovered and placed in probate, it appeared that the properties involved in the property settlement agreement were perhaps not his to transfer but belonged to the corpus of the spendthrift trust contained in his mother's will. Both John and Eugene in this action sought the decree of the court that John's assignments were void and they succeeded in obtaining a decree of the court to that effect. Marilyn has appealed from that portion of the decree so declaring. The trial court, however, declared a lien upon both the corpus and the income of the spendthrift trust for the payment of all sums ordered paid to Marilyn, and John and Eugene have both appealed.

After the appeals were taken, Marilyn applied to the trial court for an order allowing costs and counsel fees on appeal. Her prayer was granted. Neither John nor Eugene as trustee has paid anything under the order.

In *Kopasz* v. *Kopasz*, 34 Cal.2d 423 [210 P.2d 846], it was held proper to stay a husband's appeal who had refused to pay moneys ordered paid to his wife pending appeal to enable her to defend. It is the position, however, of John that he has nothing wherewith to pay the sums ordered paid, and of Eugene that he, as trustee, is not liable to pay such sums from the trust estate. Whether or not in any case such a stay should be granted must necessarily rest in the discretion of the appellate court and be determined in view of the circumstances of the particular case. It appears to us

that it would not benefit Marilyn for this court to stay the appeals of John and Eugene. The transcript on appeal has already been filed herein and the opening brief of John and Eugene has likewise been filed. Therefrom it appears that the issues on appeal are not such as present complexities requiring extensive research and briefing and that exhaustive briefs and arguments were addressed to the trial court. This court can authorize the filing of a typewritten brief on behalf of Marilyn. In view of the past history of John and Eugene in resisting any attempt to obtain support for John's wife and child it appears that staying the appeals is most unlikely to benefit Marilyn; that she will be better off to proceed with the appeal to a determination thereof.

For the reasons given, the motion is denied and leave is extended to Marilyn, if she so desires, to file a typewritten reply brief herein.

Peek, J., and Warne, J. pro tem.,* concurred.

———

*Assigned by Chairman of Judicial Council.