[Civ. No. 18071. First Dist., Div. One. June 12, 1959.]

FLOY M. MIDDLECOFF, Respondent, v. ROBERT F. MIDDLECOFF, Appellant.

Tudor Gairdner for Appellant.

Molly H. Minudri for Respondent.

BRAY, P. J.—Defendant and his guardian were ordered to pay plaintiff $175 per month support pending the determination of two appeals hereafter described, and $1,000 attorney's fees and $300 costs on the second appeal. Defendant appeals from the order.

QUESTIONS PRESENTED

1. Plaintiff's right to attorney's fees and costs.

2. Her right to alimony pendente lite.

3. Did the court abuse its discretion in the amounts awarded?

4. Was the order requiring the guardian to pay proper?

RECORD

This is the third appeal taken by the husband in this merry-go-round of litigation. The parties were married February 25, 1939. Prior to and during the marriage and up to the present time, the husband was and is an incompetent person as declared by the superior court. Henry Hubbard Middlecoff, his brother, was appointed guardian ad litem herein. Heretofore plaintiff sued defendant for separate maintenance; the husband by his guardian *ad litem* answered and cross-complained for an annulment. The trial court granted the annulment and awarded plaintiff wife $7,500 as compensation for her services rendered during the marriage, title to certain real property held in joint tenancy and attorney's fees and costs. The husband appealed from the awards to the wife. (Neither party challenged the annulment.) The husband's appeal was successful. (*Middlecoff* v. *Middlecoff,* 160 Cal. App.2d 22 [324 P.2d 669].) While that appeal was pending, the wife, in order to defend against it, moved the trial court for fees and costs. From the order granting the same, defendant appealed. In *Middlecoff* v. *Middlecoff* (February, 1959), 167 Cal.App.2d 698 [335 P.2d 234], this court affirmed the order. In the meantime plaintiff applied to the trial court for alimony pending both appeals and for at-

torney's fees and costs on the second appeal. This appeal is from the order granting the same.*

1. *Attorney's Fees and Costs.*

 All the basic contentions made on this subject were made and determined against defendant on the appeal in 167 Cal.App.2d 698, *supra.* We see no reason for going over them again here, nor do we see any reason why the fact that plaintiff received attorney's fees and costs for her defense of the first appeal should bar her from receiving them to defend against the second appeal. In fact, our decision on that appeal clearly establishes her right to attorney's fees and costs upon any appeals taken by defendant in this matter.

2. *Alimony Pendente Lite.*

At the time the second appeal was taken by defendant the order granting alimony pendente lite had not been made and hence was not considered on that appeal. Most of the contentions that plaintiff is not entitled to alimony pending the appeals are the same as those made concerning the award to plaintiff of attorney's fees and costs, and as stated, were decided by this court adversely to defendant. The reasoning of the court in answer thereto applies to the granting of alimony pending the appeals. As stated by defendant in his brief, during the pendency of an action by a husband to annul a marriage, and where, from the grounds alleged, it appears that the marriage is at most merely voidable, the wife is entitled to be treated as the wife and is properly awarded temporary alimony pending the outcome of the litigation (*Hite* v. *Hite*, 124 Cal. 389 [57 P. 227, 71 Am.St.Rep. 82, 45 L.R.A. 793]; *Allen* v. *Superior Court*, 133 Cal. 504 [65 P. 977]; *Dunphy* v. *Dunphy*, 161 Cal. 87 [118 P. 445]), but no permanent alimony may be allowed where a decree annulling the marriage is rendered, since the effect of such decree is to declare the marriage a nullity as of the date it was contracted, and in such cases all ground for a claim of support disappears. (*Millar* v. *Millar*, 175 Cal. 797 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415].) Defendant contends that as the decree of annulment here would under

---

*Heretofore plaintiff moved this court for a stay of proceedings on appeal until such time as defendant paid counsel fees and costs. The court granted the motion until such time as defendant paid $375 on account of counsel fees and $200 on account of costs. Thereafter, this court, on being advised that such sums had been paid, terminated the stay of proceedings.

the above authority deprive plaintiff of the right to permanent support it automatically follows that it likewise deprives her of the right to support pending the appeal. ■ While it is true that when a trial court grants a decree of annulment the court loses jurisdiction to grant permanent support, its power to grant alimony pendente lite does not terminate until the decree becomes *final.* The action was still pending until long after the awards were made. ■ Defendant's contention that, as on his appeal from the decree he appealed from only those portions of the decree awarding the wife money and property and did not challenge the annulment, nor did she, the annulment became final and the court had no jurisdiction to award plaintiff any further temporary alimony, is answered by our decision in 167 Cal.App.2d 698, 701-702, *supra,* where we held: "By appealing from only a portion of the decree, and by not challenging the annulment, the annulment did not become final. The annulment decree was not divisible into two separate decrees, one for annulment and the other awarding the wife money and property. The money and property awards were an indivisible part of the single judgment, so that an appeal from any part of it necessarily was an appeal from the total judgment." (See also *Rediker* v. *Rediker,* 35 Cal.2d 796, 798 [221 P.2d 1, 20 A.L.R.2d 1152].)

■ While there appears to be no code section directly authorizing alimony pendente lite in annulment cases, the wife's right thereto has been recognized in California as an inherent right. ■ In *Dunphy* v. *Dunphy, supra,* 161 Cal. 87, the court at some length discussed the subject, pointing out that in Chief Justice Beatty's concurring opinion in *Hite* v. *Hite, supra,* 124 Cal. 389, he said concerning an annulment action brought by a husband (p. 90): ". . . the granting of alimony *pendente lite* would be proper, because a formal marriage is alleged and will remain a lawful and established marriage in the absence of affirmative proof by him of the existence of some fact or facts, which will invalidate it." ■ The court, quoting from *Higgins* v. *Sharp,* 164 N.Y. 4, 8 [58 N.E. 9], after referring to the fact that it is generally held in jurisdictions which do not provide for alimony pendente lite in annulment cases, but do have statutes providing for it in divorce cases, and that alimony will nevertheless be granted in annulment cases, said (pp. 90-91): " 'The general jurisdiction conferred by the statute to entertain such actions carries with it, by implication, every incidental power necessary for its proper exercise. When a statute gives the court jurisdiction over a class

of actions it is not necessary that all the powers of the court, or all the details of the procedure and practice, should be specially enumerated. For the purpose of administering justice in such cases the court may . . . exercise such incidental powers as are usual or necessary in such cases. The power to allow alimony and counsel fees to the wife in order to enable her to live pending the action, and to present her defense, if she has one, must be regarded as incidental and necessary in all matrimonial actions. Without such power the rights of the woman, in many cases, could not be adequately protected. It seems to us, therefore, that actions to annul a marriage are governed, with respect to alimony and counsel fees, by the same principles as all other actions for divorce. When the court was vested with jurisdiction in such cases the incidental power to guard and protect the rights of the wife, which had always been regarded as a part of the jurisdiction, necessarily followed and attached upon the plainest principles of reason and justice.' [Citations.]'' The court said further (p. 92) : ''The same considerations which make such power pending appeal from the judgment of the trial court, essential to the adequate protection of the wife, in an ordinary action for divorce, are present in an action by the husband for annulment of the marriage, and the reasons given by the courts for holding that the power exists in the annulment action independent of express statutory provision, warrant the exercise of the power, as long as it is essential to enable the wife to make such defense in the annulment action as she may have, including necessarily such rights as are given her by the law to have the action of the trial court reviewed on appeal. The right to make such an allowance to the wife pending appeal has been upheld in some of the cases already cited, and, as already said, the right to make the allowance before judgment once being established, we can see no sound reason for denying the power so far as it may be essential to the wife's prosecution of the appeal given her by law from such judgment. For all the purposes of the annulment action, so long as the action is pending, to use the language of *Brinkley* v. *Brinkley,* 50 N.Y. 184, 186 [10 Am.Rep. 460], 'the relation actually exists upon which the right to alimony depends.' ''

In *Rudnick* v. *Rudnick,* 131 Cal.App.2d 227, 240 [280 P.2d 96], the court apparently approved an allowance of support to the wife pending an appeal from a decree of annulment.

In *Sefton* v. *Sefton*, 45 Cal.2d 872 [291 P.2d 439], an action to enforce alimony provisions of a property settlement agreement, the court stated (p. 875) that the wife in an annulment action may be awarded temporary alimony.

There is nothing in *Allen* v. *Superior Court, supra,* 133 Cal. 504, to the contrary of the rule we have asserted. There the trial court in an annulment action brought by the husband, made an order allowing her alimony and suit money. Later, upon a citation of the husband for failure to comply with the order, the trial court found that the failure to pay was due to the husband's inability to pay and the proceeding was dismissed. However, the court made an order staying all proceeding in the action to annul the marriage until the husband complied with the order to pay both counsel fees and costs. On a petition for writ of mandate to compel the superior court to proceed to trial, the Supreme Court said (p. 505): "It is conceded that he [the husband] is unable to pay anything, and such being the case, he should not be debarred from a trial until he has provided for his wife's support." It then held that the stay was proper as to suit money. Nowhere in the opinion is any question raised as to the right of the trial court in an annulment proceeding to provide alimony for the wife. The only question was whether the trial court could stay proceedings where the husband was unable to pay the order made.

3. *Amounts.*

 As we pointed out in 167 Cal.App.2d 698, *supra,* awards for suit money rest in the sound discretion of the trial court and may be set aside only for an abuse of discretion. There we held that an award to the wife of $1,500 attorney's fees and $300 costs for the original appeal did not constitute an abuse of discretion by the trial court. Awards for temporary alimony are likewise in the discretion of the trial court.

 What we said in 167 Cal.App.2d 698, 706, *supra,* applies here: "The evidence shows that the husband either has in possession or has access to substantial financial resources, and that the wife is in necessitous circumstances. Obviously, the award here attacked was a reasonable one."

It should be pointed out that plaintiff's attorney on this appeal is not only protecting the award of attorney's fees but the award of temporary alimony as well.

4. *Payment by Guardian.*

 Defendant's contention in this respect was answered in 167 Cal.App.2d 698, *supra*, at p. 706: ''The husband also objects to the fact that the trial court in its order here under attack directed not only the husband but also his guardian to pay the fees and costs awarded. The award was not directed against the guardian as an individual but solely against him in his capacity as guardian. Such an award was proper. . . . Thus, the court committed no error in this respect.''

The order is affirmed.

Wood (Fred B.), J., and Tobriner, J., concurred.